UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 18CR00284-1 |
| CHRISTOPHER HEDERSON, | ) |
| Defendant. | ) |

**DEFENDANT HENDERSON SENTENCING MEMORANDUM**

The Defendant, Christopher Henderson, has no objection to the Pre-sentence Investigation Report or with the Sentencing Guidelines calculations put forth in the PSR other than those outlined below. However, pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L. Ed. 2d 621 (2005), the guidelines are merely advisory. As such, the Defendant respectfully requests that this Court consider 18 U.S.C. § 3553(a) and deviate below the guidelines in setting the Defendant's sentence.

1. <u>The Defendant is not accountable for illegally selling at least 100 firearms.</u>

The Government contends in the plea agreement that evidence exists that more than 100 firearms were sold by the Defendant in Illinois. As part of the Government's investigation only six handguns were recovered in Illinois that can be connected to the Defendant. If the Court agrees with the Government's version then there is an 8 point increase in the sentencing guidelines, and if the Court agrees with the Defendant there is only a 2 point increase. Pursuant to the Plea Agreement, the Defendant disagrees with this calculation, and respectfully asks this Court to rule that the Defendant is only culpable for six firearms.

The Government is unable to produce evidence that proves by a preponderance of the evidence that more than 100 firearms were brought to Illinois and sold by the Defendant. There may be numerous Facebook and other communications intercepted indicating more than six firearms were sold, however no real evidence exists to bear this fact out. Basically, the Government relies on idle talk and hearsay to prove their contention. If the Defendant did in fact sell more than 100 firearms in the Chicago land area, certainly more than six would have been recovered.

2. <u>No evidence exists that the Defendant sold the firearms with knowledge that they would be used or possessed in connection with another felony offense.</u>

The Government further seeks a 4 point increase in the guidelines calculation based on an imputed knowledge that the Defendant somehow knew how the weapons would be used. Once again, the Government relies on Facebook posts to determine the Defendant's state of mind. As stated at the sentencing hearing the Defendant disagrees with this increase.

3. <u>An excessive sentence would overly burden the Defendant's family.</u>

Pursuant to the Pre-sentence Investigation Report (PSR), the Defendant has been in a ten-year relationship with China Jelks with whom he has two young children. The Defendant has worked and supported his young family with steady employment since the age of seventeen. Once released from the prison, the Defendant will return to his family and once again work to support them. An excessive sentence would certainly burden the family dynamic the Defendant has built over the years.

4. <u>The Defendant has a very strong support network.</u>

As evidenced by the attached character letters, the Defendant is cared for by a large number of people who took the time to write on the Defendant's behalf. They number of people who wrote on his behalf show the type of person the Defendant was prior to his arrest, and further shows the type of person he will continue to be upon his release.

The character letters further show that upon his release the Defendant will have a strong chance at becoming a productive member of society. It is very important that the Defendant have this support network upon his release, not only to reintegrate into society, but to ensure he no longer involved in the criminal justice system

Respectfully submitted,

\_/s/  Marc E. Gottreich\_\_\_\_
Marc E. Gottreich
Attorney for the Defendant
311 W. Superior, Suite 215
Chicago, IL 60654
(312) 943-0600